IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRO STEPHEN MICHAEL EL-BEY, | * |
| Plaintiff, | * |
| v. | * |
| THE VOLKSWAGEN OF FALLSTON DEALERSHIP COMPANY ET AL., | *    Civil No. 26-1998-BAH |
| Defendants. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Plaintiff Bro Stephen Michael El-Bey ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted. The Clerk has also issued a deficiency notice directing Plaintiff to file a civil cover sheet or risk dismissal. *See* ECF 4.[1]

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th

---

[1] Because the complaint is being dismissed for lack of subject matter jurisdiction, Plaintiff need not correct the deficiency.90o

Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, this action will be dismissed because Plaintiff has not stated a viable federal claim for relief and the Court otherwise lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff brings suit against the Volkswagen of Fallston Dealership Company, Tom Walsh, Matthew Pollom, and Jonathan Schultz alleging theft of his 2015 Volkswagen Golf, which he bought in October 2024 for $9,864.20, and which he appears to have attempted to trade in for a 2022 Volkswagen Tiguan in February 2025. *See* ECF 1, at 1. Plaintiff contends that on "his third request visit for the tags and title" at the dealership, "they then stole back the Ti[g]uan back and said that [Plaintiff] would not get [his] $9864.20 FIAT nor would [he] get [his] 2015 Volkswagen Golf back." *Id.* at 4 (capitalization modified). He appears to attempt to bring suit under 42 U.S.C.

2

§§ 1983, 1985, and 1986, and 18 U.S.C. §§ 241, 242, and 2071. *Id.* at 4–5.  He seeks $30,000 from each defendant. *Id.* at 5.

First, Plaintiff may not bring suit under three of the federal criminal statutes he cites.  As is well established, "[u]nless there is a clear [legislative] intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute." *United States ex rel. Angel v. Scott*, 697 F. Supp. 3d 483, 490 (E.D. Va. 2023) (brackets in original) (citing *Brown v. Clements*, No. 15-cv-104, 2015 WL5677296, at *9 (E.D. Va. Sept. 23, 2015)).  "Federal rights of action, like substantive federal law, 'must be created by Congress'" by unambiguous statute. *McKenzie-El v. Internal Revenue Serv.*, Civ. No. ELH-19-1956, 2020 WL 902546, at *14 (D. Md. Feb. 24, 2020) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)).  "A bare criminal statute provides for no express civil remedy." *Scott*, 697 F. Supp. 3d at 490 (quotation and citation omitted).  The three criminal statutes, 18 U.S.C. §§ 241, 242, and 2071, do not create a private right of action, and any claims brought under these statutes by Plaintiff must be dismissed. *See, e.g.*, *Dingle v. Baggett*, No. 5:19-CV-34-D, 2019 WL 3194834, at *3 (E.D.N.C. July 12, 2019) ("[N]either 18 U.S.C. § 241 nor 18 U.S.C. § 242 creates a private right of action."); *Bey v. Sessler*, No. 23-3421, 2024 WL 2078564, at *3 (6th Cir. Feb. 29, 2024) (citations omitted) (finding that none of the relevant criminal statutes—§§ 241, 242, or 2071—create a private right of action).

The §§ 1983, 1985, and 1986 claims must also be dismissed.  Section 1983 authorizes suits against any "person" who acts under color of law and subjects a claimant to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights" but provides only "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  "'[M]erely private conduct,

3

no matter how discriminatory or wrongful[,]' fails to qualify as state action." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (quoting *Mentavlos v. Anderson*, 249 F.3d 301, 301 (4th Cir. 2001)) (additional internal quotation marks and citation omitted).  When assessing section 1983 claims brought against ostensibly private actors, courts must "consider the totality of the circumstances of the relationship between the private actor and the state to determine whether the action in question is fairly attributable to the state." *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 116 (4th Cir. 2022) (citing *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000)).  Here, there are no facts to suggest that any action of the defendants could constitute state action.  Rather, the complaint makes clear that this suit seeks redress from a dispute between private parties.

Plaintiff does not specify under which subsection of § 1985 he brings this claim.  *Kush v. Rutledge*, 460 U.S. 719, 724 (1983) (outlining the "five broad classes of conspiratorial activity" outlawed by § 1985).  "Each . . . portion[] of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Id.* at 725.  The motivation requirement means "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)); *see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268–69 (1993).  "[T]he law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).  The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy" and has "specifically rejected section 1985 claims

whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.*

"Under th[e] relatively stringent standard for establishing section 1985 conspiracies," *id.*, Plaintiff has not put forth anywhere close to sufficient facts to support a claim that defendants conspired together, based on discriminatory animus, to deprive him of any constitutional right. *See Doe v. Meron*, Civ. No. PX-17-812, 2018 WL 3619538, at *14 (D. Md. July 30, 2018) (dismissing § 1985 claim where "Plaintiffs offer absolutely no facts to support that the Defendants were motivated by racial animus during their non-specific collusive activities" and collecting cases demonstrating that "[t]his kind of conclusory legal allegation couched as fact is insufficient to survive challenge"), *aff'd,* 929 F.3d 153 (4th Cir. 2019). Without a viable § 1985 claim, the § 1986 claim must also be dismissed. *See Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985) ("A cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985.").

To the extent Plaintiff's complaint could be read to bring a state law claim, this Court appears to lack diversity jurisdiction over such a claim. Plaintiff has not alleged the citizenship of any party, which he must do to establish this Court's jurisdiction. *See Goran Glob. Grp., LLC v. Glob. Geeks, Inc.*, No. 4:22CV7, 2022 WL 18599659, at *2 (E.D. Va. June 7, 2022) (citing *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968)) ("To successfully invoke diversity jurisdiction, the plaintiff must allege facts showing complete diversity of citizenship between the parties.").

Nor has Plaintiff properly pled the amount-in-controversy requirement. "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. N. Am. Equitable Life Assur. Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). Typically, "[i]f the plaintiff claims a sum sufficient to satisfy the statutory

requirement, a federal court may dismiss only if 'it is apparent, *to a legal certainty,* that the plaintiff cannot recover the amount claimed.'" *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (emphasis in original) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)).  "However, the general practice of deferring to a plaintiff's damages allegations in this context gives way if it appears or is shown that the amount is not claimed in good faith. . . . A court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury."  *Silva v. Walt Disney World*, No. 1:21CV912, 2022 WL 4585811, at *2 (M.D.N.C. Sept. 29, 2022) (citation and internal quotation marks omitted), *report and recommendation adopted,* No. 1:21-CV-912, 2023 WL 3661349 (M.D.N.C. May 25, 2023).

Plaintiff seeks $30,000 from each defendant, but this amount appears to be arbitrary and completely disconnected from the underlying dispute.  It is therefore too speculative to be made in good faith and confer diversity jurisdiction on this Court.  *See Washington v. CUNA Mut. Grp.*, Civ. No. RWT 13-3102, 2014 WL 2615767, at *1 (D. Md. June 10, 2014) (citing *Gonzalez v. Fairgale Properties Co., N.V.,* 241 F. Supp. 2d 512, 518 (D. Md. 2002)) (finding that "the $250,000 in damages requested are totally unsupported as the Plaintiff offers no information about how he calculated this number or even how he suffered harm" and finding amount in controversy not met); *cf. Osia v. Rent-a-Center, Inc.*, Civ. No. DKC-15-1200, 2015 WL 3932416, at *5 (D. Md. June 25, 2015) ("To allow removal of this case based on Defendant's speculation as to a possible final damage award would eviscerate the amount in controversy requirement."); *Ayers v. CIOX Health, LLC*, Civ. No. DLB-23-3079, 2024 WL 2783787, at *2 (D. Md. May 29, 2024) (remanding removed case and finding non-economic damages amount too speculative to include in amount in controversy under Class Action Fairness Act); *see also Martin v. Martin*, Civ. No.

ELH-16-1732, 2016 WL 3362662, at *7 (D. Md. June 16, 2016) (finding amount in controversy not met after finding some of pro se plaintiff's claims not viable).

Because Plaintiff has not properly pled a federal claim and the Court lacks diversity jurisdiction, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

Accordingly, it is this 22nd day of May, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and

3. The Clerk is directed CLOSE this case and MAIL a copy of this memorandum and order to Plaintiff.


_____/s/_____
Brendan A. Hurson
United States District Judge

7